# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

GEORGE ANDERSON                                                                     MOVANT

v.                                                                  No. 3:18CV154-MPM-DAS

UNITED STATES OF AMERICA                                        RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of George Anderson for a writ of *habeas corpus* under 28 U.S.C. § 2241. The government has not responded to the petition, and the matter is ripe for resolution. As Mr. Anderson has been released, the instant petition for a writ of *habeas corpus* will be dismissed as moot.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948

Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id.*

Relief under § 2241 is available to a prisoner in five situations, when:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

**Facts and Procedural Posture**

George Anderson filed the instant petition for a writ of *habeas corpus* challenging the calculation of his release date regarding his federal sentence after his detention in a state facility (when he incurred a state charge during his arrest on a federal detainer). He would like for the time he spent in state custody to count towards completion of his federal sentence. He was released from federal custody on November 26, 2019.

**Discussion**

Mr. Anderson has challenged only the length of his sentence, not the validity of his conviction. As such, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 has become moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("[s]ince respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.")

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of April, 2020.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI